```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

MARSHA NESBITT,                                  :

                    Plaintiff,                   :      REPORT AND
                                                        RECOMMENDATION
           - against -                           :      TO THE HONORABLE
                                                        SHIRA A. SHEINDLIN
MANHATTAN DISTRICT ATTORNEY                      :
OFFICE, FREDERICK WATTS,                                08 Civ. 6663 (SAS) (FM)
                                                 :
                    Defendants.
-----------------------------------------------------------x
```

| | |
|---|---|
| | USDC SDNY |
| | DOCUMENT |
| | ELECTRONICALLY FILED |
| | DOC #: _____ |
| | DATE FILED: 03/27/2009 |

**FRANK MAAS**, United States Magistrate Judge.

I.   Introduction

      Plaintiff Marsha Nesbitt ("Nesbitt") commenced this pro se employment discrimination action ("Action No. 2") against her current employer, the New York County District Attorney's Office ("DA's Office"), and its Executive Assistant District Attorney Frederick Watts ("Watts") (together, the "Defendants"), in an effort to recover damages for alleged discrimination on the basis of her age.  The Defendants subsequently moved to dismiss her complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") on res judicata and statute of limitations grounds.  (Docket No. 9).  In a Report and Recommendation dated December 29, 2008 (Docket No. 14 ("R&R")), I observed that the Defendants' res judicata argument appears to have merit, but found it unnecessary to consider it because Nesbitt's federal claims were time-barred.

Accordingly, I recommended that the Defendants' motion to dismiss be granted on the latter ground. (Id. at 2, 12).

Nesbitt filed her objections to my R&R on January 20, 2009, (Docket No. 17 ("Objections")), and the Defendants responded on February 6, 2009, (Docket No. 18). As Nesbitt suggested in her objections, (Objections at 2), after the date of my R&R, Congress passed the Lilly Ledbetter Fair Pay Act of 2009, which took effect "as if enacted on May 28, 2007." Pub. L. No. 111-2, 123 Stat. 5 (2009). Perhaps for that reason, Judge Scheindlin referred the case back to me so that I may address the Defendants' res judicata argument.[1] (Docket No. 19). For the reasons set forth below, I conclude that the Defendants' res judicata defense also entitles them to the dismissal of Nesbitt's present complaint. (Docket No. 1 ("2008 Complaint or Compl.")).

II.     Procedural Background

This Report and Recommendation incorporates my previous R&R by reference and sets forth only those facts necessary for present purposes.

Nesbitt and one of her co-workers filed a lawsuit on July 21, 2000, in this District against District Attorney Robert Morgenthau ("Morgenthau") in which they claimed, inter alia, that Nesbitt was the victim of race and age discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, et seq., and state

---

[1]     On January 7, 2009, following the recusal of Judge Rakoff, to whom my prior R&R was addressed, the case was randomly reassigned to Judge Sheindlin. (Docket No. 16).

law.  See Nesbitt v. Morgenthau, No. 00 Civ. 5417 (JSR), 2002 WL 31385828, at *1 (S.D.N.Y. Oct. 22, 2002) ("Action No. 1").  Nesbitt and her co-plaintiff were represented by counsel.  Id.  The complaint in Action No. 1 contended that "when [Nesbitt] was promoted to the position of Senior Witness Aid Services Representative [("SWASR")] in 1999 she did not receive a salary increase commensurate to that given younger white employees appointed to the same position."  Id.  On October 22, 2002, Judge Rakoff granted Morgenthau's motion for summary judgment and dismissed Action No. 1 with prejudice, stating that (a) Nesbitt's federal claims were time-barred, and (b) her state law claims, "quite aside from their procedural infirmities, lack[ed] an adequate evidentiary basis on which to survive."  Id. at *2.

More than five years later, on July 28, 2008, Nesbitt commenced Action No. 2 pro se by filing a complaint, which names as defendants the DA's Office and Watts, who, ironically, serves as the DA Office's Equal Employment Opportunity officer. (2008 Compl.); Decl. of Frederick Watts, dated Oct. 29, 2008, ¶ 4).  In the 2008 Complaint, Nesbitt alleges that she "was promoted to [SWASR] [i]n November, 1994," rather than 1999, but "was never notified of this promotion" and "never given the office salary increases for this title."[2]  (2008 Compl. Attach.).  Nesbitt also alleges that her "co-workers under the same office title who are much younger . . . were given the office

---

[2] There is some confusion as to when Nesbitt actually was promoted and when she learned of her promotion.  As noted in my prior R&R, the timeliness of Nesbitt's claims in no way turns on whether Nesbitt was promoted or first learned of the operative facts in 1994 or 1999.  (R&R at 3 n.2).

salary increase." (Id.) As noted, after the Defendants filed a Rule 12(b)(6) motion to dismiss Action No. 2, I recommended that the motion be granted on statute of limitations grounds. (R&R at 2, 12). Pursuant to the second referral, I now consider the Defendants' res judicata argument.

III.    Discussion

To invoke the doctrine of res judicata, a movant must show that "([a]) the previous action involved an adjudication on the merits; ([b]) the previous action involved the [parties] or those in privity with them; [and] ([c]) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Pike v. Freeman, 266 F.3d 78, 91 (2d Cir. 2001) (quoting Monahan v. New York City Dep't of Corr., 214 F.3d 275, 285 (2d Cir. 2000)); accord Cieszkowska v. Gray Line N.Y., 295 F.3d 204, 205 (2d Cir. 2002) (per curiam); Flaherty v. Lang, 199 F.3d 607, 612-13 (2d Cir. 1999). "The policies underlying res judicata reflect the sensible goal that where possible all related claims be resolved in one proceeding." Epperson v. Entm't Express, Inc., 242 F.3d 100, 109 (2d Cir. 2001). Accordingly, "[e]ven claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." Cieszkowska, 295 F.3d at 205 (quoting L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc., 198 F.3d 85, 88 (2d Cir. 1999) (per curiam)).

Here, the Defendants have made all three required showings.  First, it is undisputed that Judge Rakoff dismissed Action No. 1 by granting Morgenthau's motion for summary judgment.  Such a "summary judgment dismissal is considered a decision on the merits for res judicata purposes."  Yeiser v. GMAC Mortg. Corp., 535 F. Supp. 2d 413, 421 (S.D.N.Y. 2008) (citing Weston Funding Corp. v. Lafayette Towers, Inc., 550 F.2d 710, 715 (2d Cir. 1977)).

Second, in Action No. 1, Nesbitt asserted age discrimination claims against Morgenthau, in his official capacity, based on decisions allegedly made by those at the DA's Office.  See Nesbitt, 2002 WL 31385828, at *1.  Although Morgenthau himself has not been named as a defendant in Action No. 2, for res judicata to apply the defendants in the two suits need only be in privity.  See Pike, 266 F.3d at 91.  In determining whether such privity exists, "courts examine the degree of control exerted by the non-party and the degree to which the interests involved in the prior litigation are similar to those in the later litigation."  United States v. State of New York, No. 98 Civ. 1326 (LBS) (JCF), 2002 WL 31045940, at *6 (S.D.N.Y. June 21, 2002).

There is no question that Morgenthau is in privity with the DA's Office, see Waldman v. Village of Kiryas Joel, 39 F. Supp. 2d 370, 382 (S.D.N.Y. 1999) ("[G]overnment officials sued in their official capacities are generally considered to be in privity with the governmental entity that they serve."), and that the interests of Morgenthau and the DA's Office are identical.  Moreover, as I noted previously, (see

5

R&R at 6), Watts is not properly named in this ADEA case.  See Liburd v. Bronx Lebanon Hosp. Ctr., No. 07 Civ. 11316 (HB), 2008 WL 3861352, at *3 (S.D.N.Y. Aug. 19, 2008) ("[I]ndividual supervisors are not 'employers' amenable to suit.").  Even if he were, "[b]ecause the ADAs are in privity with District Attorney Morgenthau, . . . claims based on the same conduct brought against the ADAs [after the dismissal of a similar claim against Morgenthau] are barred by principles of res judicata."  Shmueli v. City of New York, No. 03 Civ. 1195 (PAC), 2007 WL 1659210, at *10 (S.D.N.Y. June 7, 2007).

    Third, the claims Nesbitt asserts in Action No. 2 were or could have been raised in Action No. 1.  In both complaints, Nesbitt essentially alleges that she was denied salary increases commensurate with those given to younger employees with the same job title, which is the claim that Judge Rakoff previously considered and dismissed.  Furthermore, Nesbitt concedes that she became aware of her title change by at least "sometime in 1999," (Objections at 1), and offers no reason for her failure to request payroll records or documentation to support her allegations until 2005.  Even if the materials she claims to have received constitute "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial," Nesbitt had "no more than a year after the entry of the judgment" in Action No. 1 to make such a motion.  Fed. R. Civ. P. 60(b)(2), (c)(1).  She failed to meet that deadline.  Although Nesbitt contends in Action No. 2 that the disparate salary payments continued through at least February 2007, (see 2008 Compl. ¶ II.B), "[t]he pleading of additional

incidents in a second complaint will not necessarily bar the application of res judicata" especially when "the fundamental basis of [the] lawsuits has remained the same." Waldman, 39 F. Supp. 2d at 377-78. There is no question that the gravamen of both actions here is that the DA's Office, after having granted Nesbitt a promotion, paid her less than her peers on the basis of her age.

In sum, Judge Rakoff found in Action No. 1 that Nesbitt's claims against Morgenthau were time-barred. The doctrine of res judicata bars Nesbitt from relitigating those claims or related claims now against parties who are in privity with Morgenthau. Accordingly, the DA's Office and Watts are entitled to the dismissal of Action No. 2.

IV.    Conclusion

For the foregoing reasons (and those discussed in my prior R&R), the Defendants' Rule 12(b)(6) motion to dismiss (Docket No. 9) should be granted and the Clerk of the Court should be directed to close this case.

V.    Notice of Procedure for Filing of Objections to this Report and Recommendation

The parties shall have ten days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a) and (d). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Shira A. Sheindlin and to the chambers of the undersigned at the United States Courthouse, 500 Pearl Street, New York, New York

10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be directed to Sheindlin. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).

Dated:	New York, New York
	March 27, 2009

			/s/ Frank Maas
			FRANK MAAS
			United States Magistrate Judge

Copies to:

Marsha Nesbitt
240 West 129th Street, #4C
New York, New York 10027
[By First Class and Certified Mail]

Devor D. Perry, Esq.
Assistant Corporation Counsel
Fax: (212) 788-0940